# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| MICHAEL DALEIDEN, SEAN RANDALL, STEVEN SACK, PEDRO POVEDA, CHRISTOPHER CARVER, RICHARD JOSWICK, JUSTIN SCOTT, AND LYNN FRAZEL,<br><br>Plaintiffs,<br>vs.<br><br>RED LAMBDA, INC., a Florida For-Profit Corporation, BAHRAM YUSEFZADEH, individually, SAAD AL BARRAK, individually and LEWIS DUNCAN, individually,<br><br>Defendant. | CASE NO: 6:20-CV-00410 |

## DEFENDANT RED LAMBDA, INC.'S NOTICE OF FILING SERVED SUMMONS ON RED LAMBDA, INC. AS ATTACHMENT TO NOTICE OF REMOVAL [DE 1]

RED LAMBDA, INC. ("Defendant"), by and through its undersigned counsel, files the attached in support of its Notice of Removal [DE 1] filed March 6, 2020:

Served Summons on Red Lambda, Inc.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

DATED this 6th day of March, 2020.

Respectfully submitted,

JACKSON LEWIS P.C.
390 North Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone:     (407) 246-8440
Facsimile:     (407) 246-8441

By:     /s/ Peter M. Wendzel
          Peter M. Wendzel
          Florida Bar No. 1018271
          peter.wendzel@jacksonlewis.com

          Madonna M. Snowden
          Florida Bar No. 0124522
          madonna.snowden@jacksonlewis.com

          Attorneys for Defendants RED LAMBDA,
          INC., SAAD AL-BARRAK, and LEWIS
          DUNCAN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of March, 2020, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to, as well as a true and correct copy sent via U.S. Mail and E-Mail to: counsel for Plaintiffs, R. Samuel Dunaway, III, Esquire, Dunaway Law Firm, P.A., 2457 Silver Star Road, Orlando, Florida 32804, sam@dunawaylawfirm.com, and Counsel for Defendant Bahram Yusefzadeh, Jesse I. Unruh, Esquire Spire Law, LLC 12249 Science Drive, Suite 155 Orlando, Florida, jesse@spirelawfirm.com.

/s/ Peter M. Wendzel
Attorney

4847-7421-2534, v. 2

Filing # 102055250 E-Filed 01/22/2020 03:33:30 PM

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT IN AND
FOR SEMINOLE COUNTY, FLORIDA

CASE NO.: 2020-CA-000122-16K-K

MICHAEL DALEIDEN, SEAN
RANDALL, STEVEN SACK, PEDRO
POVEDA, CHRISTOPHER CARVER,
RICHARD JOSWICK, JUSTIN
SCOTT, and LYNN FRAZEL

     Plaintiffs,

v.

RED LAMBDA, INC., a Florida For-
Profit Corporation, BAHRAM
YUSEFZADEH, individually, SAAD
AL BARRAK, individually and LEWIS
DUNCAN, individually,

     Defendants.

_____ /

*DATE 2/5/2020 TIME 337pm*
*INITIALS: [illegible] ID#: CC27*
*BAHRAM YSYFZADyH*
*P A*

## **SUMMONS**

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

     YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint
or Petition in the above-styled cause upon the Defendant:

**RED LAMBDA, INC.**
**C/O Bahram Yusefzadeh**
**400 Colonial Center Parkway**
**STE. 270**
**Lake Mary, FL 32746**

Each Defendant is hereby required to serve written defenses to said Complaint on:

**R. SAMUEL DUNAWAY III, ESQUIRE**
**Dunaway Law Firm, P.A.**
**2457 Silver Star Road**
**Orlando, Florida 32804**
**(407) 457-5000**

within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

In accordance with the Americans With Disabilities Act, If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ADA Coordinator, Diana Stewart, at the Seminole County Courthouse, 301 North Park Avenue, Suite N301, Sanford, Florida 32771, telephone no. 407-665-4227 within two (2) working days of your receipt of this notice, if you are hearing or voice impaired, call 1-800-955-8771.

WITNESS my hand and the seal of this Court on this the ___23rd___ day of ___January___, 20_20_.

Grant Maloy
Clerk of the Circuit Court And Comptroller



By:_____
As Deputy Clerk

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier

ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney."  (Plaignant ou a son avocat) nomme ci-dessous.

**R. SAMUEL DUNAWAY III, ESQUIRE**
**Dunaway Law Firm, P.A.**
**2457 Silver Star Road**
**Orlando, Florida 32804**
**(407) 457-5000**

Filing # 101918062 E-Filed 01/20/2020 05:52:00 PM

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT IN AND
FOR SEMINOLE COUNTY, FLORIDA

CASE NO.:

MICHAEL DALEIDEN, SEAN
RANDALL, STEVEN SACK, PEDRO
POVEDA, CHRISTOPHER CARVER,
RICHARD JOSWICK, JUSTIN
SCOTT, and LYNN FRAZEL

      Plaintiffs,

v.

RED LAMBDA, INC., a Florida For-
Profit Corporation, BAHRAM
YUSEFZADEH, individually, SAAD
AL BARRAK, individually and LEWIS
DUNCAN, individually,

      Defendants.

_____ /

## COMPLAINT AND DEMAND FOR JURY TRIAL

    COME NOW, Plaintiffs, MICHAEL DALEIDEN, SEAN RANDALL, STEVEN SACK,

PEDRO POVEDA, CHRISTOPHER CARVER, RICHARD JOSWICK, JUSTIN SCOTT, and

LYNN FRAZEL (Collectively referred to as "PLAINTIFFS"), by and through undersigned

counsel, and hereby files this their Complaint and Demand for Jury Trial against Defendants, RED

LAMBDA, INC., a Florida For-Profit Corporation, and BAHRAM YUSEFZADEH, individually,

("YUSEFZADEH"), SAAD AL BARRAK, individually, ("AL BARRAK ") and LEWIS

DUNCAN, individually, ("DUNCAN"), individually, (collectively "Defendants"), and pray for

justice as follows:

## JURISDICTION AND VENUE

1.   This is an action for damages that exceeds Thirty Thousand Dollars ($30,000.00) exclusive of interest, costs and attorney's fees.

2.   At all times material to this action, Plaintiff, MICHAEL DALEIDEN, is a natural person residing in Apopka, Orange County, Florida.

3.   At all times material to this action, Plaintiff, SEAN RANDALL, is a natural person residing in Longwood, Seminole County, Florida.

4.   At all times material to this action, Plaintiff, STEVEN SACK, is a natural person residing in Debary, Volusia County, Florida.

5.   At all times material to this action, Plaintiff, PEDRO POVEDA, is a natural person residing in Orlando, Orange County, Florida.

6.   At all times material to this action, Plaintiff, CHRISTOPHER CARVER, is a natural person residing in Lake Mary, Seminole County, Florida.

7.   At all times material to this action, Plaintiff, RICHARD JOSWICK, is a natural person residing in Oviedo, Seminole County, Florida.

8.   At all times material to this action, Plaintiff, JUSTIN SCOTT, is a natural person residing in Altamonte Springs, Seminole County, Florida.

9.   At all times material to this action, Plaintiff, LYNN FRAZEL, is a natural person residing in Winter Park, Orange County, Florida.

10. At all times material hereto Defendant, RED LAMBDA, INC., was a Florida For-Profit Corporation with its principle place of business in Lake Mary, Seminole County, Florida, who engaged in interstate commerce.

11. At all times material to this action, Defendant, BAHRAM YUSEFZADEH, is a natural person residing in Longwood, Seminole County, Florida.

12. At all times material to this action, Defendant, SAAD AL BARRAK is a natural person residing in either George Town, Grand Cayman Islands or Khaldiya, Kuwait.

13. At all times material to this action, Defendant, LEWIS DUNCAN, is a natural person residing in Newport, Rhode Island.

14. All other conditions precedent to the bringing of this action have been performed, have occurred or have been waived.

15. Venue is proper in Seminole County because the employment at issue in this case occurred in Seminole County, Florida.

## STATEMENT OF FACTS

16. At dates as alleged below, the Plaintiffs were employees of Defendant, RED LAMBDA, INC. in various capacities.   Plaintiffs, MICHAEL DALEIDEN, SEAN RANDALL, STEVEN SACK, PEDRO POVEDA, CHRISTOPHER CARVER, RICHARD JOSWICK, and JUSTIN SCOTT were employed as computer employees and were required to be compensated either on a salary or fee basis at a rate not less than $684 per week or, if compensated on an hourly basis, at a rate not less than $27.63 an hour.  As alleged below, Defendants failed to pay the Plaintiffs during multiple weeks in 2018 and 2019.  Thus, the computer employee exemption does not apply in this case and the Plaintiffs are all non-exempt employees for the purposes of the FLSA. Therefore, Plaintiffs are entitled to bring FLSA claims for unpaid wages and unpaid overtime.

17. Plaintiff, LYNN FRAZEL was at all times material hereto a non-exempt administrative assistant entitling her to claims under FLSA for unpaid wages and unpaid overtime as well.

18. Throughout Plaintiffs employment with Defendants, they routinely worked their required work week which was often in excess of 40 hours each week.

19. However, Defendants have failed to compensate the Plaintiffs with the required minimum wage and required overtime wages during multiple weeks in 2018 and 2019 thereby violating of the FLSA and Florida minimum wage statute.

20. Pay records reflecting compensation paid to Plaintiff are in the possession of Defendants.

21. Defendants have missed many payrolls and failed to the compensate the Plaintiffs. Furthermore, Defendants have made some cash payments to the Plaintiffs wherein no taxes were paid in violation of Federal and State law.

22. Moreover, Defendants failed to maintain accurate time records of Plaintiff in violation of the FLSA regulations.

23. Defendants violated the FLSA from January 1, 2018 through December 30, 2019 in that:

    a.   Defendants have failed to pay Plaintiffs for the required earned wages for all of hours worked in each workweek as required by the FLSA;

    b.   Defendants have failed to pay Plaintiffs for the required earned overtime wages for all of hours worked in each workweek as required by the FLSA

    c.   No payments or provisions for payment have since been made by Defendants to properly compensate Plaintiffs for their earned wages;

    and

    d.   Defendants have failed to maintain proper time records as mandated by FLSA regulations.

24. As a direct and proximate cause of Defendants' willful failure to pay wages, Plaintiffs have been damaged in the loss of earned wage compensation and loss of earned overtime compensation for one or more weeks of work with Defendants since 1/2018.

25. Defendants' failure to properly compensate Plaintiffs their earned wages was willful.

26. Plaintiffs have retained the undersigned attorney to represent them in this litigation.

**COUNT I**
**MICHAEL DALEIDEN's UNPAID MINIMUM WAGE AGAINST**
**DEFENDANT, RED LAMBDA, INC.**

27. Plaintiff, MICHAEL DALEIDEN realleges and incorporates paragraph 1 through 26 of this Complaint, as if fully set forth herein.

28. Plaintiff is entitled to be paid minimum wages and for each workweek during his 2018 and 2019 employment with Defendant, RED LAMBDA, INC.

29. Defendant RED LAMBDA, INC. failed to pay Plaintiff his earned wages for many weeks in 2018 and 2019 thereby violating the FLSA.

30. Defendant RED LAMBDA, INC. knew that it was not paying required wages to Plaintiff as it instructed its staff to alter Plaintiff's time records regularly.

31. At all times material hereto, Defendant RED LAMBDA, INC. failed to maintain proper time records as mandated by FLSA regulations.

32. Defendant RED LAMBDA, INC. willfully failed to pay Plaintiff the required minimum wage in for one or more weeks of work in 2018 and 2019 thereby violating 29 U.S.C. §206.

33. As a direct and proximate cause of Defendant RED LAMBDA, Inc.'s deliberate failure to pay the required minimum wage, Plaintiff has been damaged in the loss of unpaid wages for one or more weeks of work with Defendant RED LAMBDA, INC. in 2018 and 2019.

34. As a direct and proximate cause of Defendant RED LAMBDA, INC.'s actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

35. Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, MICHAEL DALEIDEN requests judgment to be entered in his favor and against Defendant RED LAMBDA, INC. for actual unpaid wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

## COUNT II
## MICHAEL DALEIDEN's UNPAID OVERTIME WAGE AGAINST DEFENDANT, RED LAMBDA, INC.

36. Plaintiff, MICHAEL DALEIDEN realleges and incorporates paragraph 1 through 35 of this Complaint, as if fully set forth herein.

37. Plaintiff is entitled to be paid overtime wages and for each workweek during his 2018 and 2019 employment with Defendant, RED LAMBDA, INC.

38. Defendant RED LAMBDA, INC. failed to pay Plaintiff his earned wages for many weeks in 2018 and 2019 thereby violating the FLSA.

39. Defendant RED LAMBDA, INC. knew that it was not paying required wages to Plaintiff as it instructed its staff to alter Plaintiff's time records regularly.

40. At all times material hereto, Defendant RED LAMBDA, INC. failed to maintain proper time records as mandated by FLSA regulations.

41. Defendant RED LAMBDA, INC. willfully failed to pay Plaintiff the required overtime wages in for one or more weeks of work in 2018 and 2019 thereby violating 29 U.S.C. §207.

42. As a direct and proximate cause of Defendant RED LAMBDA, Inc.'s deliberate failure to pay the required minimum wage, Plaintiff has been damaged in the loss of unpaid overtime wages for one or more weeks of work with Defendant RED LAMBDA, INC. in 2018 and 2019.

43. As a direct and proximate cause of Defendant RED LAMBDA, INC.'s actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

44. Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, MICHAEL DALEIDEN requests judgment to be entered in his favor and against Defendant RED LAMBDA, INC. for actual unpaid overtime wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court

### COUNT III
### MICHAEL DALEIDEN's UNPAID WAGES AGAINST DEFENDANTS, YUSEFZADEH AL BARRAK, AND DUNCAN

45. Plaintiff realleges and incorporates paragraph 1 through 44 of this Complaint, as if fully set forth herein.

46. Plaintiff is entitled to be paid weekly wages for worked performed in 2018 and 2019 during his employment with Defendant, YUSEFZADEH, AL BARRAK, AND DUNCAN.

47. Defendants, YUSEFZADEH, AL BARRAK, AND DUNCAN failed to pay Plaintiff his earned wages for each hour he worked in each workweek in 2018 and 2019.

48. Defendants, YUSEFZADEH, AL BARRAK, AND DUNCAN knew that they were not paying required wages to Plaintiff as they or an agent or representative were instructed to alter Plaintiffs time records regularly.

49. At all times material hereto, Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN failed to maintain proper time records as mandated by FLSA regulations.

50. Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN willfully failed to pay Plaintiff's wages for one or more weeks of work in 2018 and 2019 in violation of 29 U.S.C. §206.

51. As a direct and proximate cause of Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN 's deliberate failure to pay wages, Plaintiff has been damaged in the loss of unpaid wages for one or more weeks of work with Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN .

52. As a direct and proximate cause of Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN 's actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

53. Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, MICHAEL DALEIDEN requests judgment to be entered in his favor and against Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN for actual unpaid overtime wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

## COUNT IV
## MICHAEL DALEIDEN's UNPAID OVERTIME WAGES AGAINST DEFENDANT, YUSEFZADEH, AL BARRAK, AND DUNCAN

54. Plaintiff realleges and incorporates paragraph 1 through 53 of his Complaint, as if fully set forth herein.

55. Plaintiff is entitled to be paid overtime wages for each hour worked over 40 in each workweek during his employment with Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN.

56. Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN failed to pay Plaintiff his earned overtime wages for each hour he worked over 40 in each workweek.

57. Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN knew that they were not paying required overtime wages to Plaintiff as they or an agent or representative of YUSEFZADEH, AL BARRAK, AND DUNCAN instructed the staff to alter Plaintiffs time records regularly.

58. At all times material hereto, Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN failed to maintain proper time records as mandated by FLSA regulations.

59. Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN willfully failed to pay Plaintiff overtime wages for one or more weeks of work in 2018 and 2019 violation of 29 U.S.C. §207.

60. As a direct and proximate cause of Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN 's deliberate failure to pay overtime wages, Plaintiff has been damaged in the loss of unpaid overtime wages for one or more weeks of work with Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN.

61. As a direct and proximate cause of Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN 's actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

62. Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, MICHAEL DALEIDEN requests judgment to be entered in his favor and against Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN for actual unpaid overtime wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

## COUNT V
## UNPAID WAGES AGAINST DEFENDANT RED LAMBDA, INC.

63. Plaintiff realleges and incorporates paragraph 1 through 62 of this Complaint, as if fully set forth herein.

64. Plaintiff, MICHAEL DALEIDEN was an employee of Defendant RED LAMBDA, INC. in 2018 and 2019.

65. Plaintiff was to be paid on a salary but was not paid during many payrolls.

66. Throughout this time, Plaintiff earned wages for which he was not paid in full.

67. Plaintiff demanded payment of his earned wages but Defendant RED LAMBDA, INC. has failed to pay him accrued but unpaid wages.

68. As a direct and proximate cause of Defendant RED LAMBDA, INC.'s deliberate failure to pay Plaintiff his earned wages, Plaintiff has been damaged in the loss of unpaid wages.

69. As a direct and proximate cause of Defendant RED LAMBDA, INC.'s actions and omissions, Plaintiff is entitled to an award of costs and reasonable attorney's fees pursuant to Fla. Stat., §448.08.

WHEREFORE, Plaintiff, Plaintiff, MICHAEL DALEIDEN requests judgment to be entered in his favor and against Defendant RED LAMBDA, INC. for unpaid wages, as well as costs and reasonable attorney's fees and such other relief deemed proper by this Court.

## COUNT VI
## SEAN RANDALL's UNPAID MINIMUM WAGE AGAINST
## DEFENDANT, RED LAMBDA, INC.

70. Plaintiff, SEAN RANDALL realleges and incorporates paragraph 1 through 69 of this Complaint, as if fully set forth herein.

71. Plaintiff is entitled to be paid minimum wages and for each workweek during his 2018 and 2019 employment with Defendant, RED LAMBDA, INC.

72. Defendant RED LAMBDA, INC. failed to pay Plaintiff his earned wages for many weeks in 2018 and 2019 thereby violating the FLSA.

73. Defendant RED LAMBDA, INC. knew that it was not paying required wages to Plaintiff as it instructed its staff to alter Plaintiff's time records regularly.

74. At all times material hereto, Defendant RED LAMBDA, INC. failed to maintain proper time records as mandated by FLSA regulations.

75. Defendant RED LAMBDA, INC. willfully failed to pay Plaintiff the required minimum wage in for one or more weeks of work in 2018 and 2019 thereby violating 29 U.S.C. §206.

76. As a direct and proximate cause of Defendant RED LAMBDA, Inc.'s deliberate failure to pay the required minimum wage, Plaintiff has been damaged in the loss of unpaid wages for one or more weeks of work with Defendant RED LAMBDA, INC. in 2018 and 2019.

77. As a direct and proximate cause of Defendant RED LAMBDA, INC.'s actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

78. Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, SEAN RANDALL requests judgment to be entered in his favor and against Defendant RED LAMBDA, INC. for actual unpaid wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

### COUNT VII
### SEAN RANDALL's UNPAID OVERTIME WAGE AGAINST DEFENDANT, RED LAMBDA, INC.

79. Plaintiff, SEAN RANDALL realleges and incorporates paragraph 1 through 78 of this Complaint, as if fully set forth herein.

80.  Plaintiff is entitled to be paid overtime wages and for each workweek during his 2018 and 2019 employment with Defendant, RED LAMBDA, INC.

81. Defendant RED LAMBDA, INC. failed to pay Plaintiff his earned wages for many weeks in 2018 and 2019 thereby violating the FLSA.

82. Defendant RED LAMBDA, INC. knew that it was not paying required wages to Plaintiff as it instructed its staff to alter Plaintiff's time records regularly.

83. At all times material hereto, Defendant RED LAMBDA, INC. failed to maintain proper time records as mandated by FLSA regulations.

84. Defendant RED LAMBDA, INC. willfully failed to pay Plaintiff the required overtime wages in for one or more weeks of work in 2018 and 2019 thereby violating 29 U.S.C. §207.

85. As a direct and proximate cause of Defendant RED LAMBDA, Inc.'s deliberate failure to pay the required minimum wage, Plaintiff has been damaged in the loss of unpaid overtime wages for one or more weeks of work with Defendant RED LAMBDA, INC. in 2018 and 2019.

86. As a direct and proximate cause of Defendant RED LAMBDA, INC.'s actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

87. Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, SEAN RANDALL requests judgment to be entered in his favor and against Defendant RED LAMBDA, INC. for actual unpaid overtime wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

**COUNT VIII**
**SEAN RANDALL's UNPAID WAGES AGAINST DEFENDANTS, YUSEFZADEH AL BARRAK, AND DUNCAN**

88. Plaintiff realleges and incorporates paragraph 1 through 87 of this Complaint, as if fully set forth herein.

89. Plaintiff is entitled to be paid weekly wages for worked performed in 2018 and 2019 during his employment with Defendant, YUSEFZADEH, AL BARRAK, AND DUNCAN.

90. Defendants, YUSEFZADEH, AL BARRAK, AND DUNCAN failed to pay Plaintiff his earned wages for each hour he worked in each workweek in 2018 and 2019.

91. Defendants, YUSEFZADEH, AL BARRAK, AND DUNCAN knew that they were not paying required wages to Plaintiff as they or an agent or representative were instructed to alter Plaintiffs time records regularly.

92. At all times material hereto, Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN failed to maintain proper time records as mandated by FLSA regulations.

93. Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN willfully failed to pay Plaintiff's wages for one or more weeks of work in 2018 and 2019 in violation of 29 U.S.C. §206.

94. As a direct and proximate cause of Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN's deliberate failure to pay wages, Plaintiff has been damaged in the loss of unpaid wages for one or more weeks of work with Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN.

95. As a direct and proximate cause of Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN's actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

96. Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, SEAN RANDALL requests judgment to be entered in his favor and against Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN for actual unpaid overtime wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

### COUNT IX
### SEAN RANDALL's UNPAID OVERTIME WAGES AGAINST DEFENDANT, YUSEFZADEH, AL BARRAK, AND DUNCAN

97. Plaintiff realleges and incorporates paragraph 1 through 83 of his Complaint, as if fully set forth herein.

98. Plaintiff is entitled to be paid overtime wages for each hour worked over 40 in each workweek during his employment with Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN.

99. Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN failed to pay Plaintiff his earned overtime wages for each hour he worked over 40 in each workweek.

100.    Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN knew that they were not paying required overtime wages to Plaintiff as they or an agent or representative of YUSEFZADEH, AL BARRAK, AND DUNCAN instructed the staff to alter Plaintiffs time records regularly.

101.    At all times material hereto, Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN failed to maintain proper time records as mandated by FLSA regulations.

102.    Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN willfully failed to pay Plaintiff overtime wages for one or more weeks of work in 2018 and 2019 violation of 29 U.S.C. §207.

103.    As a direct and proximate cause of Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN 's deliberate failure to pay overtime wages, Plaintiff has been damaged in the loss

of unpaid overtime wages for one or more weeks of work with Defendant YUSEFZADEH, AL

BARRAK, AND DUNCAN.

104.     As a direct and proximate cause of Defendant YUSEFZADEH, AL BARRAK,

AND DUNCAN 's actions and omissions, Plaintiff is entitled to an award of an additional equal

amount for liquidated damages pursuant to 29 U.S.C. §216(b).

105.     Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs

pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, SEAN RANDALL requests judgment to be entered in his favor and

against Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN for actual unpaid overtime

wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper

by this Court.

### COUNT X
### UNPAID WAGES AGAINST DEFENDANT RED LAMBDA, INC.

106.     Plaintiff realleges and incorporates paragraph 1 through 105 of this Complaint, as

if fully set forth herein.

107.     Plaintiff, Plaintiff, SEAN RANDALL was an employee of Defendant RED

LAMBDA, INC. in 2-18 and 2019.

108.     Plaintiff was to be paid on a salary but was not paid during many payrolls.

109.     Throughout this time, Plaintiff earned wages for which he was not paid in full.

110.     Plaintiff demanded payment of his earned wages but Defendant RED LAMBDA,

INC. has failed to pay him accrued but unpaid wages.

111.     As a direct and proximate cause of Defendant RED LAMBDA, INC.'s deliberate

failure to pay Plaintiff his earned wages, Plaintiff has been damaged in the loss of unpaid wages.

112.      As a direct and proximate cause of Defendant RED LAMBDA, INC.'s actions and omissions, Plaintiff is entitled to an award of costs and reasonable attorney's fees pursuant to Fla. Stat., §448.08.

WHEREFORE, Plaintiff, Plaintiff, SEAN RANDALL requests judgment to be entered in his favor and against Defendant RED LAMBDA, INC. for unpaid wages, as well as costs and reasonable attorney's fees and such other relief deemed proper by this Court.

<u>**COUNT XI**</u>
<u>**STEVEN SACK's UNPAID MINIMUM WAGE AGAINST**</u>
<u>**DEFENDANT, RED LAMBDA, INC.**</u>

113.      Plaintiff, STEVEN SACK realleges and incorporates paragraph 1 through 112 of this Complaint, as if fully set forth herein.

114.      Plaintiff is entitled to be paid minimum wages and for each workweek during his 2018 and 2019 employment with Defendant, RED LAMBDA, INC.

115.      Defendant RED LAMBDA, INC. failed to pay Plaintiff his earned wages for many weeks in 2018 and 2019 thereby violating the FLSA.

116.      Defendant RED LAMBDA, INC. knew that it was not paying required wages to Plaintiff as it instructed its staff to alter Plaintiff's time records regularly.

117.      At all times material hereto, Defendant RED LAMBDA, INC. failed to maintain proper time records as mandated by FLSA regulations.

118.      Defendant RED LAMBDA, INC. willfully failed to pay Plaintiff the required minimum wage in for one or more weeks of work in 2018 and 2019 thereby violating 29 U.S.C. §206.

119.     As a direct and proximate cause of Defendant RED LAMBDA, Inc.'s deliberate

failure to pay the required minimum wage, Plaintiff has been damaged in the loss of unpaid wages

for one or more weeks of work with Defendant RED LAMBDA, INC. in 2018 and 2019.

120.     As a direct and proximate cause of Defendant RED LAMBDA, INC.'s actions and

omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages

pursuant to 29 U.S.C. §216(b).

121.     Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs

pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, STEVEN SACK requests judgment to be entered in his favor

and against Defendant RED LAMBDA, INC. for actual unpaid wages, liquidated damages, as well

as costs and attorney's fees and such other relief deemed proper by this Court.

## COUNT XII
## STEVEN SACK's UNPAID OVERTIME WAGE AGAINST
## DEFENDANT, RED LAMBDA, INC.

122.     Plaintiff, STEVEN SACK realleges and incorporates paragraph 1 through 121 of

this Complaint, as if fully set forth herein.

123.     Plaintiff is entitled to be paid overtime wages and for each workweek during his

2018 and 2019 employment with Defendant, RED LAMBDA, INC.

124.     Defendant RED LAMBDA, INC. failed to pay Plaintiff his earned wages for many

weeks in 2018 and 2019 thereby violating the FLSA.

125.     Defendant RED LAMBDA, INC. knew that it was not paying required wages to

Plaintiff as it instructed its staff to alter Plaintiff's time records regularly.

126.     At all times material hereto, Defendant RED LAMBDA, INC. failed to maintain

proper time records as mandated by FLSA regulations.

127.      Defendant RED LAMBDA, INC. willfully failed to pay Plaintiff the required overtime wages in for one or more weeks of work in 2018 and 2019 thereby violating 29 U.S.C. §207.

128.      As a direct and proximate cause of Defendant RED LAMBDA, Inc.'s deliberate failure to pay the required minimum wage, Plaintiff has been damaged in the loss of unpaid overtime wages for one or more weeks of work with Defendant RED LAMBDA, INC. in 2018 and 2019.

129.      As a direct and proximate cause of Defendant RED LAMBDA, INC.'s actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

130.      Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, STEVEN SACK requests judgment to be entered in his favor and against Defendant RED LAMBDA, INC. for actual unpaid overtime wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court

## COUNT XIII
## STEVEN SACK's UNPAID WAGES AGAINST DEFENDANTS, YUSEFZADEH AL BARRAK, AND DUNCAN

131.      Plaintiff realleges and incorporates paragraph 1 through 130 of this Complaint, as if fully set forth herein.

132.      Plaintiff is entitled to be paid weekly wages for worked performed in 2018 and 2019 during his employment with Defendant, YUSEFZADEH, AL BARRAK, AND DUNCAN.

133.      Defendants, YUSEFZADEH, AL BARRAK, AND DUNCAN failed to pay Plaintiff his earned wages for each hour he worked in each workweek 2018 and 2019.

134.     Defendants, YUSEFZADEH, AL BARRAK, AND DUNCAN knew that they were not paying required wages to Plaintiff as they or an agent or representative were instructed to alter Plaintiffs time records regularly.

135.     At all times material hereto, Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN failed to maintain proper time records as mandated by FLSA regulations.

136.     Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN willfully failed to pay Plaintiff's wages for one or more weeks of work in 2018 and 2019 in violation of 29 U.S.C. §206.

137.     As a direct and proximate cause of Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN's deliberate failure to pay wages, Plaintiff has been damaged in the loss of unpaid wages for one or more weeks of work with Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN.

138.     As a direct and proximate cause of Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN's actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

139.     Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, STEVEN SACK requests judgment to be entered in his favor and against Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN for actual unpaid overtime wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

## COUNT XIV
## STEVEN SACK's UNPAID OVERTIME WAGES AGAINST DEFENDANT, YUSEFZADEH, AL BARRAK, AND DUNCAN

140.     Plaintiff realleges and incorporates paragraph 1 through 139 of his Complaint, as if fully set forth herein.

141.     Plaintiff is entitled to be paid overtime wages for each hour worked over 40 in each workweek during his employment with Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN.

142.     Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN failed to pay Plaintiff his earned overtime wages for each hour he worked over 40 in each workweek.

143.     Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN knew that they were not paying required overtime wages to Plaintiff as they or an agent or representative of YUSEFZADEH, AL BARRAK, AND DUNCAN instructed the staff to alter Plaintiffs time records regularly.

144.     At all times material hereto, Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN failed to maintain proper time records as mandated by FLSA regulations.

145.     Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN willfully failed to pay Plaintiff overtime wages for one or more weeks of work in 2018 and 2019 violation of 29 U.S.C. §207.

146.     As a direct and proximate cause of Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN 's deliberate failure to pay overtime wages, Plaintiff has been damaged in the loss of unpaid overtime wages for one or more weeks of work with Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN.

147.     As a direct and proximate cause of Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN 's actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

148.     Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, STEVEN SACK requests judgment to be entered in his favor and against Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN for actual unpaid overtime wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

## COUNT XV
## UNPAID WAGES AGAINST DEFENDANT RED LAMBDA, INC.

149.    Plaintiff realleges and incorporates paragraph 1 through 148 of this Complaint, as if fully set forth herein.

150.    Plaintiff, Plaintiff, STEVEN SACK was an employee of Defendant RED LAMBDA, INC. in 2018 an 2019.

151.    Plaintiff was to be paid on a salary but was not paid during many payrolls.

152.    Throughout this time, Plaintiff earned wages for which he was not paid in full.

153.    Plaintiff demanded payment of his earned wages but Defendant RED LAMBDA, INC. has failed to pay him accrued but unpaid wages.

154.    As a direct and proximate cause of Defendant RED LAMBDA, INC.'s deliberate failure to pay Plaintiff his earned wages, Plaintiff has been damaged in the loss of unpaid wages.

155.    As a direct and proximate cause of Defendant RED LAMBDA, INC.'s actions and omissions, Plaintiff is entitled to an award of costs and reasonable attorney's fees pursuant to Fla. Stat., §448.08.

WHEREFORE, Plaintiff, Plaintiff, STEVEN SACK requests judgment to be entered in his favor and against Defendant RED LAMBDA, INC. for unpaid wages, as well as costs and reasonable attorney's fees and such other relief deemed proper by this Court.

## COUNT XVI
## PEDRO POVEDA's UNPAID MINIMUM WAGE AGAINST
## DEFENDANT, RED LAMBDA, INC.

156.    Plaintiff, PEDRO POVEDA realleges and incorporates paragraph 1 through 155 of this Complaint, as if fully set forth herein.

157.    Plaintiff is entitled to be paid minimum wages and for each workweek during his 2018 and 2019 employment with Defendant, RED LAMBDA, INC.

158.    Defendant RED LAMBDA, INC. failed to pay Plaintiff his earned wages for many weeks in 2018 and 2019 thereby violating the FLSA.

159.    Defendant RED LAMBDA, INC. knew that it was not paying required wages to Plaintiff as it instructed its staff to alter Plaintiff's time records regularly.

160.    At all times material hereto, Defendant RED LAMBDA, INC. failed to maintain proper time records as mandated by FLSA regulations.

161.    Defendant RED LAMBDA, INC. willfully failed to pay Plaintiff the required minimum wage in for one or more weeks of work in 2018 and 2019 thereby violating 29 U.S.C. §206.

162.    As a direct and proximate cause of Defendant RED LAMBDA, Inc.'s deliberate failure to pay the required minimum wage, Plaintiff has been damaged in the loss of unpaid wages for one or more weeks of work with Defendant RED LAMBDA, INC. in 2018 and 2019.

163.    As a direct and proximate cause of Defendant RED LAMBDA, INC.'s actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

164.    Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, PEDRO POVEDA requests judgment to be entered in his favor and against Defendant RED LAMBDA, INC. for actual unpaid wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

### COUNT XVII
### PEDRO POVEDA's UNPAID OVERTIME WAGE AGAINST
### DEFENDANT, RED LAMBDA, INC.

165.     Plaintiff, PEDRO POVEDA realleges and incorporates paragraph 1 through 164 of this Complaint, as if fully set forth herein.

166.     Plaintiff is entitled to be paid overtime wages and for each workweek during his 2018 and 2019 employment with Defendant, RED LAMBDA, INC.

167.     Defendant RED LAMBDA, INC. failed to pay Plaintiff his earned wages for many weeks in 2018 and 2019 thereby violating the FLSA.

168.     Defendant RED LAMBDA, INC. knew that it was not paying required wages to Plaintiff as it instructed its staff to alter Plaintiff's time records regularly.

169.     At all times material hereto, Defendant RED LAMBDA, INC. failed to maintain proper time records as mandated by FLSA regulations.

170.     Defendant RED LAMBDA, INC. willfully failed to pay Plaintiff the required overtime wages in for one or more weeks of work in 2018 and 2019 thereby violating 29 U.S.C. §207.

171.     As a direct and proximate cause of Defendant RED LAMBDA, Inc.'s deliberate failure to pay the required minimum wage, Plaintiff has been damaged in the loss of unpaid overtime wages for one or more weeks of work with Defendant RED LAMBDA, INC. in 2018 and 2019.

172. As a direct and proximate cause of Defendant RED LAMBDA, INC.'s actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

173. Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, PEDRO POVEDA requests judgment to be entered in his favor and against Defendant RED LAMBDA, INC. for actual unpaid overtime wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court

## COUNT XVIII
### PEDRO POVEDA's UNPAID WAGES AGAINST DEFENDANTS, YUSEFZADEH AL BARRAK, AND DUNCAN

174. Plaintiff realleges and incorporates paragraph 1 through 160 of this Complaint, as if fully set forth herein.

175. Plaintiff is entitled to be paid weekly wages for worked performed in 2018 and 2019 during his employment with Defendant, YUSEFZADEH, AL BARRAK, AND DUNCAN.

176. Defendants, YUSEFZADEH, AL BARRAK, AND DUNCAN failed to pay Plaintiff his earned wages for each hour he worked in each workweek in 2018 and 2019.

177. Defendants, YUSEFZADEH, AL BARRAK, AND DUNCAN knew that they were not paying required wages to Plaintiff as they or an agent or representative were instructed to alter Plaintiffs time records regularly.

178. At all times material hereto, Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN failed to maintain proper time records as mandated by FLSA regulations.

179. Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN willfully failed to pay Plaintiff's wages for one or more weeks of work in 2018 and 2019 in violation of 29 U.S.C. §206.

180.     As a direct and proximate cause of Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN 's deliberate failure to pay wages, Plaintiff has been damaged in the loss of unpaid wages for one or more weeks of work with Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN.

181.     As a direct and proximate cause of Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN 's actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

182.     Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, PEDRO POVEDA requests judgment to be entered in his favor and against Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN for actual unpaid overtime wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

## COUNT XIX
## PEDRO POVEDA's UNPAID OVERTIME WAGES AGAINST DEFENDANT, YUSEFZADEH, AL BARRAK, AND DUNCAN

183.     Plaintiff realleges and incorporates paragraph 1 through 182 of his Complaint, as if fully set forth herein.

184.     Plaintiff is entitled to be paid overtime wages for each hour worked over 40 in each workweek during his employment with Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN.

185.     Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN failed to pay Plaintiff his earned overtime wages for each hour he worked over 40 in each workweek.

186.     Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN knew that they were not paying required overtime wages to Plaintiff as they or an agent or representative of

YUSEFZADEH, AL BARRAK, AND DUNCAN instructed the staff to alter Plaintiffs time records regularly.

187.    At all times material hereto, Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN failed to maintain proper time records as mandated by FLSA regulations.

188.    Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN willfully failed to pay Plaintiff overtime wages for one or more weeks of work in 2018 and 2019 violation of 29 U.S.C. §207.

189.    As a direct and proximate cause of Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN 's deliberate failure to pay overtime wages, Plaintiff has been damaged in the loss of unpaid overtime wages for one or more weeks of work with Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN.

190.    As a direct and proximate cause of Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN 's actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

191.    Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, PEDRO POVEDA requests judgment to be entered in his favor and against Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN for actual unpaid overtime wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

## COUNT XX
## UNPAID WAGES AGAINST DEFENDANT RED LAMBDA, INC.

192.    Plaintiff realleges and incorporates paragraph 1 through 178 of this Complaint, as if fully set forth herein.

193.    Plaintiff, PEDRO POVEDA was an employee of Defendant RED LAMBDA, INC. in 2018 and 2019.

194.    Plaintiff was to be paid on a salary but was not paid during many payrolls.

195.    Throughout this time, Plaintiff earned wages for which he was not paid in full.

196.    Plaintiff demanded payment of his earned wages but Defendant RED LAMBDA, INC. has failed to pay him accrued but unpaid wages.

197.    As a direct and proximate cause of Defendant RED LAMBDA, INC.'s deliberate failure to pay Plaintiff his earned wages, Plaintiff has been damaged in the loss of unpaid wages.

198.    As a direct and proximate cause of Defendant RED LAMBDA, INC.'s actions and omissions, Plaintiff is entitled to an award of costs and reasonable attorney's fees pursuant to Fla. Stat., §448.08.

WHEREFORE, Plaintiff, Plaintiff, PEDRO POVEDA requests judgment to be entered in his favor and against Defendant RED LAMBDA, INC. for unpaid wages, as well as costs and reasonable attorney's fees and such other relief deemed proper by this Court.

## COUNT XXI
## CHRISTOPHER CARVER's UNPAID MINIMUM WAGE AGAINST DEFENDANT, RED LAMBDA, INC.

199.    Plaintiff, CHRISTOPHER CARVER realleges and incorporates paragraph 1 through 198 of this Complaint, as if fully set forth herein.

200.    Plaintiff is entitled to be paid minimum wages and for each workweek during his 2018 and 2019 employment with Defendant, RED LAMBDA, INC.

201.    Defendant RED LAMBDA, INC. failed to pay Plaintiff his earned wages for many weeks in 2018 and 2019 thereby violating the FLSA.

202.     Defendant RED LAMBDA, INC. knew that it was not paying required wages to Plaintiff as it instructed its staff to alter Plaintiff's time records regularly.

203.     At all times material hereto, Defendant RED LAMBDA, INC. failed to maintain proper time records as mandated by FLSA regulations.

204.     Defendant RED LAMBDA, INC. willfully failed to pay Plaintiff the required minimum wage in for one or more weeks of work in 2018 and 2019 thereby violating 29 U.S.C. §206.

205.     As a direct and proximate cause of Defendant RED LAMBDA, Inc.'s deliberate failure to pay the required minimum wage, Plaintiff has been damaged in the loss of unpaid wages for one or more weeks of work with Defendant RED LAMBDA, INC. in 2018 and 2019.

206.     As a direct and proximate cause of Defendant RED LAMBDA, INC.'s actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

207.     Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, CHRISTOPHER CARVER requests judgment to be entered in his favor and against Defendant RED LAMBDA, INC. for actual unpaid wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

## COUNT XXII
## CHRISTOPHER CARVER's UNPAID OVERTIME WAGE AGAINST DEFENDANT, RED LAMBDA, INC.

208.     Plaintiff, CHRISTOPHER CARVER realleges and incorporates paragraph 1 through 207 of this Complaint, as if fully set forth herein.

209.     Plaintiff is entitled to be paid overtime wages and for each workweek during his 2018 and 2019 employment with Defendant, RED LAMBDA, INC.

210.     Defendant RED LAMBDA, INC. failed to pay Plaintiff his earned wages for many weeks in 2018 and 2019 thereby violating the FLSA.

211.     Defendant RED LAMBDA, INC. knew that it was not paying required wages to Plaintiff as it instructed its staff to alter Plaintiff's time records regularly.

212.     At all times material hereto, Defendant RED LAMBDA, INC. failed to maintain proper time records as mandated by FLSA regulations.

213.     Defendant RED LAMBDA, INC. willfully failed to pay Plaintiff the required overtime wages in for one or more weeks of work in 2018 and 2019 thereby violating 29 U.S.C. §207.

214.     As a direct and proximate cause of Defendant RED LAMBDA, Inc.'s deliberate failure to pay the required minimum wage, Plaintiff has been damaged in the loss of unpaid overtime wages for one or more weeks of work with Defendant RED LAMBDA, INC. in 2018 and 2019.

215.     As a direct and proximate cause of Defendant RED LAMBDA, INC.'s actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

216.     Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, CHRISTOPHER CARVER requests judgment to be entered in his favor and against Defendant RED LAMBDA, INC. for actual unpaid overtime wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court

**COUNT XXIII**
**CHRISTOPHER CARVER's UNPAID WAGES AGAINST DEFENDANTS,**
**YUSEFZADEH AL BARRAK, AND DUNCAN**

217.     Plaintiff realleges and incorporates paragraph 1 through 216 of this Complaint, as if fully set forth herein.

218.     Plaintiff is entitled to be paid weekly wages for worked performed in 2018 and 2019 during his employment with Defendant, YUSEFZADEH, AL BARRAK, AND DUNCAN.

219.     Defendants, YUSEFZADEH, AL BARRAK, AND DUNCAN failed to pay Plaintiff his earned wages for each hour he worked in each workweek in 2018 and 2019.

220.     Defendants, YUSEFZADEH, AL BARRAK, AND DUNCAN knew that they were not paying required wages to Plaintiff as they or an agent or representative were instructed to alter Plaintiffs time records regularly.

221.     At all times material hereto, Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN failed to maintain proper time records as mandated by FLSA regulations.

222.     Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN willfully failed to pay Plaintiff's wages for one or more weeks of work in 2018 and 2019 in violation of 29 U.S.C. §206.

223.     As a direct and proximate cause of Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN's deliberate failure to pay wages, Plaintiff has been damaged in the loss of unpaid wages for one or more weeks of work with Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN.

224.     As a direct and proximate cause of Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN's actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

225.     Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, CHRISTOPHER CARVER requests judgment to be entered in his favor and against Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN for actual unpaid overtime wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

## COUNT XXIV
## CHRISTOPHER CARVER's UNPAID OVERTIME WAGES AGAINST DEFENDANT, YUSEFZADEH, AL BARRAK, AND DUNCAN

226.     Plaintiff realleges and incorporates paragraph 1 through 225 of his Complaint, as if fully set forth herein.

227.     Plaintiff is entitled to be paid overtime wages for each hour worked over 40 in each workweek during his employment with Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN.

228.     Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN failed to pay Plaintiff his earned overtime wages for each hour he worked over 40 in each workweek.

229.     Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN knew that they were not paying required overtime wages to Plaintiff as they or an agent or representative of YUSEFZADEH, AL BARRAK, AND DUNCAN instructed the staff to alter Plaintiffs time records regularly.

230.     At all times material hereto, Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN failed to maintain proper time records as mandated by FLSA regulations.

231.     Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN willfully failed to pay Plaintiff overtime wages for one or more weeks of work in 2018 and 2019 violation of 29 U.S.C. §207.

232.     As a direct and proximate cause of Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN 's deliberate failure to pay overtime wages, Plaintiff has been damaged in the loss

of unpaid overtime wages for one or more weeks of work with Defendant YUSEFZADEH, AL

BARRAK, AND DUNCAN.

233.      As a direct and proximate cause of Defendant YUSEFZADEH, AL BARRAK,

AND DUNCAN 's actions and omissions, Plaintiff is entitled to an award of an additional equal

amount for liquidated damages pursuant to 29 U.S.C. §216(b).

234.      Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs

pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, CHRISTOPHER CARVER requests judgment to be entered in his

favor and against Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN  for actual unpaid

overtime wages, liquidated damages, as well as costs and attorney's fees and such other relief

deemed proper by this Court.

## COUNT XXV
## UNPAID WAGES AGAINST DEFENDANT RED LAMBDA, INC.

235.      Plaintiff realleges and incorporates paragraph 1 through 221 of this Complaint, as

if fully set forth herein.

236.      Plaintiff, CHRISTOPHER CARVER was an employee of Defendant RED

LAMBDA, INC. from 2018 through Present.

237.      Plaintiff was to be paid on a salary but was not paid during many payrolls.

238.      Throughout this time, Plaintiff earned wages for which he was not paid in full.

239.      Plaintiff demanded payment of his earned wages but Defendant RED LAMBDA,

INC. has failed to pay him accrued but unpaid wages.

240.      As a direct and proximate cause of Defendant RED LAMBDA, INC.'s deliberate

failure to pay Plaintiff his earned wages, Plaintiff has been damaged in the loss of unpaid wages.

241.     As a direct and proximate cause of Defendant RED LAMBDA, INC.'s actions and omissions, Plaintiff is entitled to an award of costs and reasonable attorney's fees pursuant to Fla. Stat., §448.08.

WHEREFORE, Plaintiff, Plaintiff, CHRISTOPHER CARVER requests judgment to be entered in his favor and against Defendant RED LAMBDA, INC. for unpaid wages, as well as costs and reasonable attorney's fees and such other relief deemed proper by this Court.

## COUNT XXVI
## RICHARD JOSWICK's UNPAID MINIMUM WAGE AGAINST DEFENDANT, RED LAMBDA, INC.

242.     Plaintiff, RICHARD JOSWICK realleges and incorporates paragraph 1 through 241 of this Complaint, as if fully set forth herein.

243.     Plaintiff is entitled to be paid minimum wages and for each workweek during his 2018 and 2019 employment with Defendant, RED LAMBDA, INC.

244.     Defendant RED LAMBDA, INC. failed to pay Plaintiff his earned wages for many weeks in 2018 and 2019 thereby violating the FLSA.

245.     Defendant RED LAMBDA, INC. knew that it was not paying required wages to Plaintiff as it instructed its staff to alter Plaintiff's time records regularly.

246.     At all times material hereto, Defendant RED LAMBDA, INC. failed to maintain proper time records as mandated by FLSA regulations.

247.     Defendant RED LAMBDA, INC. willfully failed to pay Plaintiff the required minimum wage in for one or more weeks of work in 2018 and 2019 thereby violating 29 U.S.C. §206.

248.    As a direct and proximate cause of Defendant RED LAMBDA, Inc.'s deliberate failure to pay the required minimum wage, Plaintiff has been damaged in the loss of unpaid wages for one or more weeks of work with Defendant RED LAMBDA, INC. in 2018 and 2019.

249.    As a direct and proximate cause of Defendant RED LAMBDA, INC.'s actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

250.    Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, RICHARD JOSWICK requests judgment to be entered in his favor and against Defendant RED LAMBDA, INC. for actual unpaid wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

### COUNT XXVII
### RICHARD JOSWICK's UNPAID OVERTIME WAGE AGAINST DEFENDANT, RED LAMBDA, INC.

251.    Plaintiff, RICHARD JOSWICK realleges and incorporates paragraph 1 through 250 of this Complaint, as if fully set forth herein.

252.    Plaintiff is entitled to be paid overtime wages and for each workweek during his 2018 and 2019 employment with Defendant, RED LAMBDA, INC.

253.    Defendant RED LAMBDA, INC. failed to pay Plaintiff his earned wages for many weeks in 2018 and 2019 thereby violating the FLSA.

254.    Defendant RED LAMBDA, INC. knew that it was not paying required wages to Plaintiff as it instructed its staff to alter Plaintiff's time records regularly.

255.    At all times material hereto, Defendant RED LAMBDA, INC. failed to maintain proper time records as mandated by FLSA regulations.

256.     Defendant RED LAMBDA, INC. willfully failed to pay Plaintiff the required overtime wages in for one or more weeks of work in 2018 and 2019 thereby violating 29 U.S.C. §207.

257.     As a direct and proximate cause of Defendant RED LAMBDA, Inc.'s deliberate failure to pay the required minimum wage, Plaintiff has been damaged in the loss of unpaid overtime wages for one or more weeks of work with Defendant RED LAMBDA, INC. in 2018 and 2019.

258.     As a direct and proximate cause of Defendant RED LAMBDA, INC.'s actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

259.     Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, RICHARD JOSWICK requests judgment to be entered in his favor and against Defendant RED LAMBDA, INC. for actual unpaid overtime wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court

## COUNT XXVIII
## RICHARD JOSWICK's UNPAID WAGES AGAINST DEFENDANTS, YUSEFZADEH AL BARRAK, AND DUNCAN

260.     Plaintiff realleges and incorporates paragraph 1 through 259 of this Complaint, as if fully set forth herein.

261.     Plaintiff is entitled to be paid weekly wages for worked performed in 2018 and 2019 during his employment with Defendant, YUSEFZADEH, AL BARRAK, AND DUNCAN.

262.     Defendants, YUSEFZADEH, AL BARRAK, AND DUNCAN failed to pay Plaintiff his earned wages for each hour he worked in each workweek in 2018 and 2019.

263.     Defendants, YUSEFZADEH, AL BARRAK, AND DUNCAN knew that they were not paying required wages to Plaintiff as they or an agent or representative were instructed to alter Plaintiffs time records regularly.

264.     At all times material hereto, Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN failed to maintain proper time records as mandated by FLSA regulations.

265.     Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN willfully failed to pay Plaintiff's wages for one or more weeks of work in 2018 and 2019 in violation of 29 U.S.C. §206.

266.     As a direct and proximate cause of Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN's deliberate failure to pay wages, Plaintiff has been damaged in the loss of unpaid wages for one or more weeks of work with Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN.

267.     As a direct and proximate cause of Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN's actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

268.     Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, RICHARD JOSWICK requests judgment to be entered in his favor and against Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN for actual unpaid overtime wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

## COUNT XXIX
## RICHARD JOSWICK's UNPAID OVERTIME WAGES AGAINST DEFENDANT, YUSEFZADEH, AL BARRAK, AND DUNCAN

269.     Plaintiff realleges and incorporates paragraph 1 through 268 of his Complaint, as if fully set forth herein.

270.     Plaintiff is entitled to be paid overtime wages for each hour worked over 40 in each workweek during his employment with Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN.

271.     Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN failed to pay Plaintiff his earned overtime wages for each hour he worked over 40 in each workweek.

272.     Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN knew that they were not paying required overtime wages to Plaintiff as they or an agent or representative of YUSEFZADEH, AL BARRAK, AND DUNCAN instructed the staff to alter Plaintiffs time records regularly.

273.     At all times material hereto, Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN failed to maintain proper time records as mandated by FLSA regulations.

274.     Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN willfully failed to pay Plaintiff overtime wages for one or more weeks of work in 2018 and 2019 violation of 29 U.S.C. §207.

275.     As a direct and proximate cause of Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN 's deliberate failure to pay overtime wages, Plaintiff has been damaged in the loss of unpaid overtime wages for one or more weeks of work with Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN.

276.     As a direct and proximate cause of Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN 's actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

277.     Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, RICHARD JOSWICK requests judgment to be entered in his favor and against Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN for actual unpaid overtime wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

## COUNT XXX
## UNPAID WAGES AGAINST DEFENDANT RED LAMBDA, INC.

278.     Plaintiff realleges and incorporates paragraph 1 through 264 of this Complaint, as if fully set forth herein.

279.     Plaintiff, RICHARD JOSWICK was an employee of Defendant RED LAMBDA, INC. in 2018 and 2019.

280.     Plaintiff was to be paid on a salary but was not paid during many payrolls.

281.     Throughout this time, Plaintiff earned wages for which he was not paid in full.

282.     Plaintiff demanded payment of his earned wages but Defendant RED LAMBDA, INC. has failed to pay him accrued but unpaid wages.

283.     As a direct and proximate cause of Defendant RED LAMBDA, INC.'s deliberate failure to pay Plaintiff his earned wages, Plaintiff has been damaged in the loss of unpaid wages.

284.     As a direct and proximate cause of Defendant RED LAMBDA, INC.'s actions and omissions, Plaintiff is entitled to an award of costs and reasonable attorney's fees pursuant to Fla. Stat., §448.08.

WHEREFORE, Plaintiff, Plaintiff, RICHARD JOSWICK requests judgment to be entered in his favor and against Defendant RED LAMBDA, INC. for unpaid wages, as well as costs and reasonable attorney's fees and such other relief deemed proper by this Court.

**COUNT XXXI**
**JUSTIN SCOTT's UNPAID MINIMUM WAGE AGAINST**
**DEFENDANT, RED LAMBDA, INC.**

285.      Plaintiff, JUSTIN SCOTT realleges and incorporates paragraph 1 through 284 of this Complaint, as if fully set forth herein.

286.      Plaintiff is entitled to be paid minimum wages and for each workweek during his 2018 and 2019 employment with Defendant, RED LAMBDA, INC.

287.      Defendant RED LAMBDA, INC. failed to pay Plaintiff his earned wages for many weeks in 2018 and 2019 thereby violating the FLSA.

288.      Defendant RED LAMBDA, INC. knew that it was not paying required wages to Plaintiff as it instructed its staff to alter Plaintiff's time records regularly.

289.      At all times material hereto, Defendant RED LAMBDA, INC. failed to maintain proper time records as mandated by FLSA regulations.

290.      Defendant RED LAMBDA, INC. willfully failed to pay Plaintiff the required minimum wage in for one or more weeks of work in 2018 and 2019 thereby violating 29 U.S.C. §206.

291.      As a direct and proximate cause of Defendant RED LAMBDA, Inc.'s deliberate failure to pay the required minimum wage, Plaintiff has been damaged in the loss of unpaid wages for one or more weeks of work with Defendant RED LAMBDA, INC. in 2018 and 2019.

292.      As a direct and proximate cause of Defendant RED LAMBDA, INC.'s actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

293.      Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, JUSTIN SCOTT requests judgment to be entered in his favor and against Defendant RED LAMBDA, INC. for actual unpaid wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

### COUNT XXXII
### JUSTIN SCOTT's UNPAID OVERTIME WAGE AGAINST
### DEFENDANT, RED LAMBDA, INC.

294.     Plaintiff, JUSTIN SCOTT realleges and incorporates paragraph 1 through 293 of this Complaint, as if fully set forth herein.

295.      Plaintiff is entitled to be paid overtime wages and for each workweek during his 2018 and 2019 employment with Defendant, RED LAMBDA, INC.

296.     Defendant RED LAMBDA, INC. failed to pay Plaintiff his earned wages for many weeks in 2018 and 2019 thereby violating the FLSA.

297.     Defendant RED LAMBDA, INC. knew that it was not paying required wages to Plaintiff as it instructed its staff to alter Plaintiff's time records regularly.

298.     At all times material hereto, Defendant RED LAMBDA, INC. failed to maintain proper time records as mandated by FLSA regulations.

299.     Defendant RED LAMBDA, INC. willfully failed to pay Plaintiff the required overtime wages in for one or more weeks of work in 2018 and 2019 thereby violating 29 U.S.C. §207.

300.     As a direct and proximate cause of Defendant RED LAMBDA, Inc.'s deliberate failure to pay the required minimum wage, Plaintiff has been damaged in the loss of unpaid overtime wages for one or more weeks of work with Defendant RED LAMBDA, INC. in 2018 and 2019.

301.     As a direct and proximate cause of Defendant RED LAMBDA, INC.'s actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

302.     Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, JUSTIN SCOTT requests judgment to be entered in his favor and against Defendant RED LAMBDA, INC. for actual unpaid overtime wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court

## COUNT XXXIII
## JUSTIN SCOTT's UNPAID WAGES AGAINST DEFENDANTS, YUSEFZADEH AL BARRAK, AND DUNCAN

303.     Plaintiff realleges and incorporates paragraph 1 through 302 of this Complaint, as if fully set forth herein.

304.     Plaintiff is entitled to be paid weekly wages for worked performed in 2018 and 2019 during his employment with Defendant, YUSEFZADEH, AL BARRAK, AND DUNCAN.

305.     Defendants, YUSEFZADEH, AL BARRAK, AND DUNCAN failed to pay Plaintiff his earned wages for each hour he worked in each workweek in 2018 and 2019.

306.     Defendants, YUSEFZADEH, AL BARRAK, AND DUNCAN knew that they were not paying required wages to Plaintiff as they or an agent or representative were instructed to alter Plaintiffs time records regularly.

307.     At all times material hereto, Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN failed to maintain proper time records as mandated by FLSA regulations.

308.     Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN willfully failed to pay Plaintiff's wages for one or more weeks of work in 2018 and 2019 in violation of 29 U.S.C. §206.

309.    As a direct and proximate cause of Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN 's deliberate failure to pay wages, Plaintiff has been damaged in the loss of unpaid wages for one or more weeks of work with Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN.

310.    As a direct and proximate cause of Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN 's actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

311.    Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, JUSTIN SCOTT requests judgment to be entered in his favor and against Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN for actual unpaid overtime wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

## COUNT XXXIV
### JUSTIN SCOTT's UNPAID OVERTIME WAGES AGAINST DEFENDANT, YUSEFZADEH, AL BARRAK, AND DUNCAN

312.    Plaintiff realleges and incorporates paragraph 1 through 311 of his Complaint, as if fully set forth herein.

313.    Plaintiff is entitled to be paid overtime wages for each hour worked over 40 in each workweek during his employment with Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN.

314.    Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN failed to pay Plaintiff his earned overtime wages for each hour he worked over 40 in each workweek.

315.    Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN knew that they were not paying required overtime wages to Plaintiff as they or an agent or representative of

YUSEFZADEH, AL BARRAK, AND DUNCAN instructed the staff to alter Plaintiffs time records regularly.

316.      At all times material hereto, Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN failed to maintain proper time records as mandated by FLSA regulations.

317.      Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN willfully failed to pay Plaintiff overtime wages for one or more weeks of work in 2018 and 2019 violation of 29 U.S.C. §207.

318.      As a direct and proximate cause of Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN 's deliberate failure to pay overtime wages, Plaintiff has been damaged in the loss of unpaid overtime wages for one or more weeks of work with Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN.

319.      As a direct and proximate cause of Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN 's actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

320.      Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, JUSTIN SCOTT requests judgment to be entered in his favor and against Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN for actual unpaid overtime wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

## COUNT XXXV
## UNPAID WAGES AGAINST DEFENDANT RED LAMBDA, INC.

321.      Plaintiff realleges and incorporates paragraph 1 through 320 of this Complaint, as if fully set forth herein.

322.     Plaintiff, JUSTIN SCOTT was an employee of Defendant RED LAMBDA, INC. in 2018 and 2019.

323.     Plaintiff was to be paid on a salary but was not paid during many payrolls.

324.     Throughout this time, Plaintiff earned wages for which he was not paid in full.

325.     Plaintiff demanded payment of his earned wages but Defendant RED LAMBDA, INC. has failed to pay him accrued but unpaid wages.

326.     As a direct and proximate cause of Defendant RED LAMBDA, INC.'s deliberate failure to pay Plaintiff his earned wages, Plaintiff has been damaged in the loss of unpaid wages.

327.     As a direct and proximate cause of Defendant RED LAMBDA, INC.'s actions and omissions, Plaintiff is entitled to an award of costs and reasonable attorney's fees pursuant to Fla. Stat., §448.08.

WHEREFORE, Plaintiff, Plaintiff, JUSTIN SCOTT requests judgment to be entered in his favor and against Defendant RED LAMBDA, INC. for unpaid wages, as well as costs and reasonable attorney's fees and such other relief deemed proper by this Court.

### COUNT XXXVI
### LYNN FRAZEL's UNPAID MINIMUM WAGE AGAINST DEFENDANT, RED LAMBDA, INC.

328.     Plaintiff, LYNN FRAZEL realleges and incorporates paragraph 1 through 327 of this Complaint, as if fully set forth herein.

329.     Plaintiff is entitled to be paid minimum wages and for each workweek during her 2018 and 2019 employment with Defendant, RED LAMBDA, INC.

330.     Defendant RED LAMBDA, INC. failed to pay Plaintiff her earned wages for many weeks in 2018 and 2019 thereby violating the FLSA.

331.     Defendant RED LAMBDA, INC. knew that it was not paying required wages to Plaintiff as it instructed its staff to alter Plaintiff's time records regularly.

332.     At all times material hereto, Defendant RED LAMBDA, INC. failed to maintain proper time records as mandated by FLSA regulations.

333.     Defendant RED LAMBDA, INC. willfully failed to pay Plaintiff the required minimum wage in for one or more weeks of work in 2018 and 2019 thereby violating 29 U.S.C. §206.

334.     As a direct and proximate cause of Defendant RED LAMBDA, Inc.'s deliberate failure to pay the required minimum wage, Plaintiff has been damaged in the loss of unpaid wages for one or more weeks of work with Defendant RED LAMBDA, INC. in 2018 and 2019.

335.     As a direct and proximate cause of Defendant RED LAMBDA, INC.'s actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

336.     Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, LYNN FRAZEL requests judgment to be entered in her favor and against Defendant RED LAMBDA, INC. for actual unpaid wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

## COUNT XXXVII
## LYNN FRAZEL's UNPAID OVERTIME WAGE AGAINST DEFENDANT, RED LAMBDA, INC.

337.     Plaintiff, LYNN FRAZEL realleges and incorporates paragraph 1 through 336 of this Complaint, as if fully set forth herein.

338.     Plaintiff is entitled to be paid overtime wages and for each workweek during her 2018 and 2019 employment with Defendant, RED LAMBDA, INC.

339.     Defendant RED LAMBDA, INC. failed to pay Plaintiff her earned wages for many weeks in 2018 and 2019 thereby violating the FLSA.

340.     Defendant RED LAMBDA, INC. knew that it was not paying required wages to Plaintiff as it instructed its staff to alter Plaintiff's time records regularly.

341.     At all times material hereto, Defendant RED LAMBDA, INC. failed to maintain proper time records as mandated by FLSA regulations.

342.     Defendant RED LAMBDA, INC. willfully failed to pay Plaintiff the required overtime wages in for one or more weeks of work in 2018 and 2019 thereby violating 29 U.S.C. §207.

343.     As a direct and proximate cause of Defendant RED LAMBDA, Inc.'s deliberate failure to pay the required minimum wage, Plaintiff has been damaged in the loss of unpaid overtime wages for one or more weeks of work with Defendant RED LAMBDA, INC. in 2018 and 2019.

344.     As a direct and proximate cause of Defendant RED LAMBDA, INC.'s actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

345.     Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, LYNN FRAZEL requests judgment to be entered in her favor and against Defendant RED LAMBDA, INC. for actual unpaid overtime wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

## COUNT XXXVIII
### LYNN FRAZEL's UNPAID WAGES AGAINST DEFENDANTS, YUSEFZADEH AL BARRAK, AND DUNCAN

346.     Plaintiff realleges and incorporates paragraph 1 through 345 of this Complaint, as if fully set forth herein.

347.     Plaintiff is entitled to be paid weekly wages for worked performed in 2018 and 2019 during her employment with Defendant, YUSEFZADEH, AL BARRAK, AND DUNCAN.

348.     Defendants, YUSEFZADEH, AL BARRAK, AND DUNCAN failed to pay Plaintiff her earned wages for each hour she worked in each workweek in 2018 and 2019.

349.     Defendants, YUSEFZADEH, AL BARRAK, AND DUNCAN knew that they were not paying required wages to Plaintiff as they or an agent or representative were instructed to alter Plaintiffs time records regularly.

350.     At all times material hereto, Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN failed to maintain proper time records as mandated by FLSA regulations.

351.     Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN willfully failed to pay Plaintiff's wages for one or more weeks of work in 2018 and 2019 in violation of 29 U.S.C. §206.

352.     As a direct and proximate cause of Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN 's deliberate failure to pay wages, Plaintiff has been damaged in the loss of unpaid wages for one or more weeks of work with Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN.

353.     As a direct and proximate cause of Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN 's actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

354.     Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, LYNN FRAZEL requests judgment to be entered in her favor and against Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN for actual unpaid overtime wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

## COUNT XXXIX
## LYNN FRAZEL's UNPAID OVERTIME WAGES AGAINST DEFENDANT, YUSEFZADEH, AL BARRAK, AND DUNCAN

355.     Plaintiff realleges and incorporates paragraph 1 through 354 of her Complaint, as if fully set forth herein.

356.     Plaintiff is entitled to be paid overtime wages for each hour worked over 40 in each workweek during her employment with Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN.

357.     Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN failed to pay Plaintiff her earned overtime wages for each hour he worked over 40 in each workweek.

358.     Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN knew that they were not paying required overtime wages to Plaintiff as they or an agent or representative of YUSEFZADEH, AL BARRAK, AND DUNCAN instructed the staff to alter Plaintiffs time records regularly.

359.     At all times material hereto, Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN failed to maintain proper time records as mandated by FLSA regulations.

360.     Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN willfully failed to pay Plaintiff overtime wages for one or more weeks of work in 2018 and 2019 violation of 29 U.S.C. §207.

361.     As a direct and proximate cause of Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN 's deliberate failure to pay overtime wages, Plaintiff has been damaged in the loss

of unpaid overtime wages for one or more weeks of work with Defendant YUSEFZADEH, AL

BARRAK, AND DUNCAN.

362.    As a direct and proximate cause of Defendant YUSEFZADEH, AL BARRAK,

AND DUNCAN 's actions and omissions, Plaintiff is entitled to an award of an additional equal

amount for liquidated damages pursuant to 29 U.S.C. §216(b).

363.    Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs

pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, LYNN FRAZEL requests judgment to be entered in her favor and

against Defendant YUSEFZADEH, AL BARRAK, AND DUNCAN for actual unpaid overtime

wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper

by this Court.

## COUNT XL
## UNPAID WAGES AGAINST DEFENDANT RED LAMBDA, INC.

364.    Plaintiff realleges and incorporates paragraph 1 through 363 of her Complaint, as

if fully set forth herein.

365.    Plaintiff, LYNN FRAZEL was an employee of Defendant RED LAMBDA, INC.

in 2018 and 2019.

366.    Plaintiff was to be paid on an hourly basis salary but was not paid during many

payrolls.

367.    Throughout this time, Plaintiff earned wages for which she was not paid in full.

368.    Plaintiff demanded payment of her earned wages but Defendant RED LAMBDA,

INC. has failed to pay her accrued but unpaid wages.

369.    As a direct and proximate cause of Defendant RED LAMBDA, INC.'s deliberate

failure to pay Plaintiff her earned wages, Plaintiff has been damaged in the loss of unpaid wages.

42. As a direct and proximate cause of Defendant RED LAMBDA, INC.'s actions and omissions, Plaintiff is entitled to an award of costs and reasonable attorney's fees pursuant to Fla. Stat., §448.08.

WHEREFORE, Plaintiff, Plaintiff, LYNN FRAZEL requests judgment to be entered in his favor and against Defendant RED LAMBDA, INC. for unpaid wages, as well as costs and reasonable attorney's fees and such other relief deemed proper by this Court.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury as to all issues so triable.

**Respectfully submitted** this the 20th day of January, 2020.

/s/ R. SAMUEL DUNAWAY III, ESQUIRE
R. Samuel Dunaway III, Esquire
Florida Bar No.: 0025916
Dunaway Law Firm, P.A.
2457 Silver Star Road
Orlando, FL 32804
Direct:(407)457-5000
Fax:(321) 445-4753
Attorneys for Plaintiff
PRINCIPAL EMAIL ADDRESS:
Sam@dunawaylawfirm.com