UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL DALEIDEN, SEAN RANDALL, STEVEN SACK, PEDRO POVEDA, CHRISTOPHER CARVER, RICHARD JOSWICK, JUSTIN SCOTT and LYNN FRAZEL,

        Plaintiffs,

v.                                            Case No:  6:20-cv-410-Orl-78GJK

RED LAMBDA, INC., BAHRAM YUSEFZADEH, SAAD AL BARRAK, LEWIS DUNCAN and IAIN KERR,

        Defendants.
_____/

## **ORDER**

THIS CAUSE is before the Court on Defendants' Joint Motion to Compel Individual Arbitration ("**Motion to Compel**," Doc. 28). Plaintiffs did not timely respond to the Motion. As set forth below, the Motion to Compel will be granted.

**I.    BACKGROUND**

Plaintiffs filed an Amended Complaint (Doc. 38) against Defendants alleging violations of the Fair Labor Standards Act ("**FLSA**"), 29 U.S.C. § 201, *et seq.*, and the Florida Minimum Wage Act, Fla. Stat. § 448.110. While employed by Defendants, Plaintiffs executed agreements to participate in Defendant Red Lambda Inc.'s Dispute Resolution Program. (Doc. 28-1 at 3–34). Pursuant to the agreements, Plaintiffs consented to submit "all claims . . . seeking recovery of wages or overtime compensation from the Company or its representatives, all minimum wage claims, and all other claims brought under the [FLSA]" to "mandatory and binding arbitration[.]" (*See, e.g.*, *id.* at 4).

Defendants now seek to compel arbitration in accordance with the Dispute Resolution Program.

## II. LEGAL STANDARD

In general, the Federal Arbitration Act ("**FAA**"), 9 U.S.C. § 1 *et seq.*, governs the enforceability of arbitration provisions in contracts involving transactions in interstate commerce. *Hill v. Rent-A-Center, Inc.*, 398 F.3d 1286, 1288 (11th Cir. 2005). "A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "The FAA embodies a 'liberal federal policy favoring arbitration agreements.'" *Hill*, 398 F.3d at 1288 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). However, it is well-settled that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (quotation omitted).

"A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. In determining whether to compel arbitration, courts do not weigh the merits of the parties' claims. *AT & T Techs.*, 475 U.S. at 649. "Rather, courts must limit their review to three factors: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate was

waived." *Hamrick v. Partsfleet, LLC*, 411 F. Supp. 3d 1298, 1301 (M.D. Fla. 2019) (quotation omitted).

### III.   DISCUSSION

Defendants have produced signed agreements for each of the named Plaintiffs in this litigation. (*See* Doc. 28-1 at 3–34). Plaintiffs do not dispute the agreements are valid and binding. Additionally, Plaintiffs have not argued that Defendants waived their right to compel arbitration and it does not appear that waiver has occurred in this case. *See Jones v. Sallie Mae, Inc.*, No. 3:13-cv-837-J-99MMH, 2013 WL 6283483, at *9 (M.D. Fla. Dec. 4, 2013) (holding that removing the case to federal court "is not enough to substantially invoke the judicial process to the detriment or prejudice of Plaintiff" and collecting cases). Finally, pursuant to the parties' agreements, the arbitration is to be held in accordance with the "American Arbitration Association's Employment Arbitration Rules and Mediation Procedures[,]" (*see, e.g.*, Doc. 28-1 at 4), which the Eleventh Circuit has held is a clear and unmistakable agreement to arbitrate issues of arbitrability. *See Terminix Int'l Co., LP v. Palmer Ranch Ltd. P'ship*, 432 F.3d 1327, 1332 (11th Cir. 2005) (holding that "[b]y incorporating the AAA Rules . . . into their agreement, the parties clearly and unmistakably agreed that the arbitrator should decide" questions of arbitrability).

Accordingly, it is **ORDERED** that Defendants' Motion to Compel (Doc. 28) is **GRANTED**. Plaintiffs shall submit to arbitration in accordance with the terms set forth in their agreements with Red Lambda, Inc. The Clerk is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida on May 6, 2020.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record