UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL DALEIDEN, SEAN RANDALL, STEVEN SACK, PEDRO POVEDA, CHRISTOPHER CARVER, RICHARD JOSWICK, JUSTIN SCOTT, AND LYNN FRAZEL,

    Plaintiffs,

vs.

CASE NO: 6:20-cv-00410-WWB-GJK

RED LAMBDA, INC., a Florida For-Profit Corporation, BAHRAM YUSEFZADEH, individually, SAAD AL BARRAK, individually, LEWIS DUNCAN, individually, and IAIN KERR

    Defendants.

## AMENDED UNOPPOSED IN PART AND OPPOSED IN PART MOTION FOR RELIEF FROM ORDER GRANTING MOTION TO COMPEL ARBITRATION

COMES NOW Plaintiffs, MICHAEL DALEIDEN, SEAN RANDALL, STEVEN SACK, PEDRO POVEDA, CHRISTOPHER CARVER, RICHARD JOSWICK, JUSTIN SCOTT, AND LYNN FRAZEL, by and through their undersigned counsel, hereby moves pursuant to Federal Rule of Civil Procedure 60 for Relief from the Order Granting Defendant's Motion to Compel Arbitration. In support of the requested relief, the Plaintiffs would state:

1. This is a significant unpaid wage case that was originally filed in State Court but removed by the Defendants to this Court. [Doc. 1]

2. On or about April 9, 2020, Defendants filed their Joint Motion to Compel Arbitration [Doc. 28]. Thereafter, Plaintiffs amended their complaint to add new parties to this case. [Doc. 38], 2020]. The filing of this Amended Complaint rendered the previously filed Motion to Compel

Arbitration Moot. Thereafter, the Clerk issued a summons to the new Defendant and the Plaintiffs have undertaken to get the new Defendant served. On or about April 29, 2020, the Joint Defendants filed an Unopposed Motion for Extension of Time to respond to the Amended Complaint. [Doc. 43]. This Motion was granted by the Judge Smith on or about April 30, 2020. [Doc. 44]. Therefore, the Defendant's response to the Amended Complaint is due on or about May 15, 2020. Once they respond, the Plaintiffs would have the permitted time per pursuant to rule 3.01(b), Local Rules for the Middle District of Florida to reply to the Defendants pleading.

3. Nevertheless, or about May 6, 2020, the Court granted the Defendants Joint Motion to Compel Arbitration and has directed the Clerk to close this case. [Doc.45]. Plaintiffs would respectfully submit that this ruling of the Court granted a moot Motion and that the Plaintiffs' were not afforded an opportunity to response considering the posture of the case. Moreover, the Motion was not filed on behalf of the newly added party and, therefore, did not address all of the issues in the pleadings.

4. At this time, the Plaintiffs are requesting the Court reconsider the Order Compelling Arbitration of this case and allow the Defendants to file their pleading(s) in response to the Amended Complaint. This process would give the Plaintiffs the procedurally proper opportunity to review the Defendants pleadings and respond appropriately.

5. Lastly, Plaintiffs would also state that even if Arbitration is compelled, the Court should stay and not dismiss this case and retain jurisdiction.

## MEMORANDUM OF LAW

### A. Federal Rule of Civil Procedure 60

The Plaintiffs' Motion here in is governed by Rule 60(b) of the Federal Rules of Civil Procedure. Under Rule 60(b), a district court "may relieve a party" from the effects of a "final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or

excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b). "The burden of establishing at least one of these 'exacting substantive requirements' is on the movant," and a determination of whether that showing has been made is within the district court's discretion. *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1314 (S. D. Tex. 1994) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173-75 (5th Cir. 1990), cert. denied, 510 U.S. 859 (1993)).

In this case, the Plaintiffs have been denied proper wages for work performed for nearly two years. The wages sought in this case are considerable. The parties have engaged in diligent action in this case and the posture of the case was moving closer towards a resolution of this case on the merits. Respectfully, as stated above, the Order of the Court granting the Defendants Motion to Compel Arbitration granted relief under a moot motion that was procedurally null.

As such, Plaintiff contend that there are entitled to fully address and defend against any Motion the Defendants file in response to the Amended Complaint. The Plaintiffs are requesting this Court permit them the time to (1) see what kind of response the Defendant file and (2) give them the opportunity under the rules to respond to the Defendants Answers or Motions.

**B. Dismissal is not the proper remedy even if Defendant's Motion is Granted**

First, Courts in this District reading the plain and unambiguous language of 9 U.S.C. § 3 have held that the FAA does not afford the district court the discretion to dismiss a case where one of the parties seeks to compel arbitration. *See In re Wiand*, 2011 WL 4532070 * 13, n.26 (M.D. Fla. June 8, 2011)

Second, even if dismissal is authorized pursuant to the FAA, Courts in this District have ruled that ordering a stay for a FLSA case, rather than dismissal, is the more appropriate remedy. *See Downey v. Robert W. Baird & Co., Inc.*, 2007 WL 2729578 *2 (M.D. Fla. September 18, 2007) (recognizing that settlement of FLSA claims would require judicial approval, "the Court finds that a stay is the more appropriate course to take….")..

If this present order stands and the Clerk closes this case, this Court could not ensure compliance with the mandates of *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982). Under *Lynn's Food*, only two ways exist for the settlement or compromise of an employee FLSA claim: one is where an employee accepts payment supervised by the Secretary of Labor, the other is pursuant to "a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Id at 351. Without the Court retaining jurisdiction any potential settlement could not be approved and/or the arbitrator's final decision and/or award could not be reviewed to ensure it complies with the mandates of *Lynn's Food*.

Additionally, in the present case, the Plaintiff is seeking a judgment against the Defendants, attorney's fees, and costs of litigation. These remedies can only be granted by the Court, since a judgment is the prerequisite to fees and the arbitrator cannot enter a judgment. Thus, all issues raised cannot be resolved in arbitration. Furthermore, any settlement of this matter would need to be presented to the Court for approval. *See Downey*, 2007 WL 2729578 at *2.

WHEREFORE, Plaintiffs, MICHAEL DALEIDEN, SEAN RANDALL, STEVEN SACK, PEDRO POVEDA, CHRISTOPHER CARVER, RICHARD JOSWICK, JUSTIN SCOTT, AND LYNN FRAZEL hereby requests the Court to enter an Order: (1) granting relief from the May 6, 2020 Order ; (2) to the extent the Court grants Defendant's Motion to Compel, the Plaintiff requests

the Court enter an order staying the proceedings and not dismissing; and (3) grant any other relief the Court deems equitable and just under the facts and circumstances of this case.

### CERTIFICATION OF CONFERENCE WITH COUNSEL

Pursuant to Local Rule 3.01(g), the undersigned certify that they have conferred with Defendants' counsel regarding the subject matter of this motion, and that the Defendants, RED LAMBDA, INC. and LEWIS DUNCAN do ***not*** opposed the relief sought herein Section A, but it **do** oppose Section B.  Defendants, BAHRAM YUSEFZADEH, and IAIN KERR are presently conferring with counsel regarding their position regarding this motion. Defendant, SAAD AL BARRAK takes not position as he as not been served with the Amended Complaint.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of May 2020, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: counsel for Defendants, Peter M. Wendzel, Esquire, JACKSON LEWIS P.C.390 North Orange Avenue, Suite 1285, Orlando, Florida 32801 peter.wendzel@jacksonlewis.com, and Counsel for Defendant Bahram Yusefzadeh, Jesse I. Unruh, Esquire Spire Law, LLC 12249 Science Drive, Suite 155 Orlando, Florida, 32826, jesse@spirelawfirm.com.

*/s/ R. SAMUEL DUNAWAY III, ESQUIRE*
R. Samuel Dunaway III, Esquire
Florida Bar No.: 0025916
Dunaway Law Firm, P.A.
2416 Silver Star Road
Orlando, FL 32804
Direct:(407)457-5000
Fax:(321) 445-4753
Attorneys for Plaintiff
PRINCIPAL EMAIL ADDRESS:
pleadings@dunawaylawfirm.com