UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MICHAEL DALEIDEN, SEAN RANDALL, STEVEN SACK, PEDRO POVEDA, CHRISTOPHER CARVER, RICHARD JOSWICK, JUSTIN SCOTT, and LYNN FRAZEL,<br><br>    Plaintiffs,<br>vs.<br><br>RED LAMBDA, INC., a Florida For-Profit Corporation, BAHRAM YUSEFZADEH, individually, SAAD AL BARRAK, individually and LEWIS DUNCAN, individually, and IAIN KERR<br><br>    Defendants. | CASE NO: 6:20-cv-00410 |

### DEFENDANTS BAHRAM YUSEFZADEH'S AND IAIN KERR'S NOTICE OF PARTIAL OBJECTION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

Earlier this week the Court granted Defendants' Motion to Compel Arbitration (Doc. 45 ("Order")) and Plaintiffs have requested reconsideration (Doc. 47 ("Motion for Reconsideration")). Plaintiffs filed their Motion for Reconsideration prior to receiving notice of whether Defendants Yusefzadeh and Kerr objected to the relief they requested. In furtherance of the goals of Local Rule 3.01(g) Defendants Yusefzadeh and Kerr file this notice that they object in part to Plaintiffs requested relief.

Defendants Yusefzadeh and Kerr do not object to the Court reviewing its own Order, and if it deems it appropriate, permitting Plaintiffs to address the Motion to Compel Arbitration.[1]

---

[1] Either the current one on file, or a renewed motion to compel arbitration which may be filed.

1

However, Defendants Yusefzadeh and Kerr note that there appears to be no mistake here. The Court entered no order denying the Motion to Compel Arbitration as moot, thus it was still an active pleading and the Court correctly noted that Plaintiffs failed to respond. The Court even made specific reference to the Amended Complaint at the beginning of its "Background" section in the Order, so there was no apparent oversight as to which complaint was operative. An amended complaint does not necessarily moot a motion responding to the original complaint if defendants would intend to use the same motion against the amended pleading. *See Kahama VII, LLC v. Space Coast Builders & Contractors, Inc.*, No. 6:12-cv-454-Orl-19DAB, 2013 U.S. Dist. LEXIS 203237, at *18 n.10 (M.D. Fla. Jan. 28, 2013) citing *Trading Techs. Int'l, Inc. v. BGC Partners, Inc.*, No. 10-C-715, 2010 U.S. Dist. LEXIS 84138, 2010 WL 3272842, at *1 (N.D. Ill. Aug. 17, 2010) ("Courts routinely deny motions to dismiss as moot after an amended complaint is filed, unless a defendant wishes to apply the same motion to the amended complaint because the amended complaint has not remedied the previous deficiencies"). Here Defendants would have refiled the same Motion to Compel Arbitration.

However, if the Court is inclined to permit Plaintiffs to address the Motion to Compel Arbitration, Defendants Yusefzadeh and Kerr do not object. And if so, Defendant Kerr will join the Motion to Compel Arbitration.

With regard to part B of Plaintiffs' requested relief, arguing that dismissal is not the proper remedy, Defendants Yusefzadeh and Kerr object and will file a response within the time permitted under Local Rule 3.01(b).

DATED this 8th day of May, 2020.

    Respectfully submitted,
Spire Law, LLC
12249 Science Drive, Suite 155
Orlando, Florida 32826

By: <u>s/Jesse I. Unruh</u>

    Jesse I. Unruh, Esq.
    Florida Bar No. 93121
    jesse@spirelawfirm.com

Attorney for Defendants | Bahram Yusefzadeh and Iain Kerr

## **CERTIFICATE OF SERVICE**

I hereby Certify that on this 8th day of March, 2020, the foregoing was electronically filed with the Clerk of Court by using CM/ECF which will send a notice of electronic filing to: R. Samuel Dunaway, III, Esquire, at sam@dunawaylawfirm.com Dunaway Law Firm, P.A., 2457 Silver Star Road, Orlando, Florida 32804 and Peter M. Wendzel, Esquire Peter.Wendzel@jacksonlewis.com and Madonna M. Snowden, Esquire, at madonna.snowden@jacksonlewis.com at Jackson Lewis, P.C., 390 North Orange Avenue, Suite 1285, Orlando Florida 32801.

    <u>/s/ Jesse Unruh</u>
    Jesse Unruh