## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

_____

MICHAEL DALEIDEN, SEAN )
RANDALL, STEVEN SACK, PEDRO )
POVEDA, CHRISTOPHER CARVER, )
RICHARD JOSWICK, JUSTIN )
SCOTT, AND LYNN FRAZEL, )
  )
    Plaintiffs, )
vs. )   **CASE NO: 6:20-cv-00410-WWB-GJK**
  )
RED LAMBDA, INC., a Florida )
For-Profit Corporation, BAHRAM )
YUSEFZADEH, individually, SAAD )
AL BARRAK, individually and LEWIS )
DUNCAN, individually, and IAIN )
KERR, individually, )
  )
    Defendants. )
_____)

### DEFENDANTS, RED LAMBDA'S, LEWIS DUNCAN'S, BAHRAM YUSEFZADEH'S, AND IAIN KERR'S, JOINT RESPONSE TO PLAINTIFF'S AMENDED UNOPPOSED IN PART AND OPPOSED IN PART MOTION FOR RELIEF FROM ORDER GRANTING MOTION TO COMPEL ARBITRATION

        Defendants, Red Lambda, Inc., ("Red Lambda") Lewis Duncan ("Duncan"), Bahram Yusefzadeh, ("Yusefzadeh"), and Iain Kerr ("Kerr") (collectively "Defendants")[1], through their undersigned counsel, respond to Plaintiff's Amended Unopposed in Part and Opposed in Part Motion for Relief from Order Granting Motion to Compel Arbitration (Doc. 47) ("Motion for Relief").

---

[1] Nominal defendant Saad Al Barrak has not been served with the Amended Complaint.

## I.   <u>INTRODUCTION</u>

In the Motion for Relief, Plaintiffs seek relief in the alternative, asking the court to either (a) restore this matter to the docket fully, such that Defendants would respond to the Amended Complaint or (b) if the Court were to grant Defendants' Joint Motion to Compel Arbitration ("Motion to Compel") without further pleading, restore this matter to the docket but stay it pending resolution of arbitration of the plaintiffs' claims. Defendants have not objected to Alternative A, with the understanding that were the Court to grant that relief, such would be without prejudice to Defendants' opportunity to file a renewed motion to compel arbitration in response to the Amended Complaint or to otherwise respond to the Amended Complaint.[2]

Defendants do object to Alternative B.  As shown in the Motion to Compel, the Court should dismiss this matter upon granting the Motion to Compel. Dismissal of this action in favor of arbitration is proper and fully supported by binding precedent.  The Court of Appeals for the Eleventh Circuit has regularly affirmed orders from district courts compelling arbitration in Fair Labor Standards Act ("FLSA") cases such as the instant case.

## II.   <u>BACKGROUND AND PROCEDURAL HISTORY</u>

On January 20, 2020, Plaintiffs filed a Complaint in state court despite their obligations under their valid and binding mutual arbitration agreements, alleging violations under the FLSA, the Florida Minimum Wage Act, Fla. Stat. § 448.110, and otherwise asserting unpaid wages. Before filing this action, every Plaintiff agreed, in writing, to

---

[2] The Amended Complaint adds an additional defendant, Kerr, and is otherwise the same as the Original Complaint.  Thus, it is Defendants' position that arbitration should be compelled and, should this matter be restored to the docket fully, Defendants will file what is effectively a renewed Motion to Compel, albeit one joined by Kerr.

arbitrate "any claim" on an individual basis that they have with Red Lambda, its officers, directors, employees, or agents.  Each individual defendant in this action is or was either an employee of or director of Red Lambda.

After removing the case to this Court, Defendants filed the Motion to Compel on April 9, 2020 (Doc. 28).  A week later, on April 15, 2020, Plaintiffs filed an amended complaint making the same legal claims under the FLSA and state law, but added a new defendant, Kerr. (Doc. 38). On May 6, 2020, the Court entered an Order granting the Motion to Compel and dismissed the case (Doc. 45). On May 7, 2020, Plaintiffs filed the Motion for Relief (Doc. 47)[3]. On May 8, 2020, Defendants Yusefzadeh and Kerr filed a separate Notice of Partial Objection to Plaintiffs' Motion for Relief (Doc. 48).

### III.    LEGAL ARGUMENT: THE ELEVENTH CIRCUIT REGULARLY AFFIRMS DISMISSAL IN FLSA CASES

While Plaintiffs note that the Court may stay this matter rather than dismiss it, it is well established that courts in this district routinely dismiss actions upon finding arbitration is proper and, indeed, that the Eleventh Circuit regularly affirms such orders. *See, e.g., Samadi v. MBNA Am. Bank, N.A.*, 178 F. App'x. 863 (11th Cir. 2006), *cert. denied*, 549 U.S. 993 (2006); *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359 (11th Cir. 2005) (affirming district court's granting of motions to dismiss and to compel arbitration of all plaintiffs' claims, including FLSA claims); *Employers Ins. of Wausau v. Bright Metal Specialties, Inc.*, 251 F.3d 1316, 1321 (11th Cir. 2001); *Jackson v. Cintas*

---

[3] While Plaintiffs' counsel conferred with counsel for Defendants Yusefzadeh and Kerr before filing the original Motion for Relief (Doc. 46), Plaintiffs mistakenly filed the motion before counsel for Defendants Yusefzadeh and Kerr had responded and thus filed an amended Motion for Relief correcting this error.

*Corp.*, 425 F.3d 1313 (11th Cir. 2005) (affirming district court's granting of motions to compel arbitration and to dismiss action containing FLSA claims).

For example, in *Perera v. H&R Block E. Enters.*, 914 F. Supp. 2d 1284, 1286 (S.D. Fla. 2012), as part of his employment, the plaintiff signed an agreement containing a valid arbitration clause and the employer filed a motion to dismiss or, alternatively to stay proceedings and compel arbitration. *Id.* at 1290. The district court granted the employer's motion and dismissed the complaint with prejudice and compelled the parties to engage in arbitration. *Id.* The district court specifically noted that, "[t]he Eleventh Circuit, at one point, suggested only a stay of litigation is appropriate. However, more recently, the Circuit affirmed dismissal when all claims are subject to arbitration." *Id. See also Caley*, 428 F.3d 1359 (affirming same.); *Garcia v. Builder Servs. Grp., Inc.*, No. 8:07-cv-478-T-23MSS, 2007 U.S. Dist. LEXIS 59177 (M.D. Fla. Aug. 13, 2007) (denying the parties stipulated request to stay the case and instead dismissing the case) (citing *Gilchrist v. CitiFinancial Servs.*, LLC, No. 6:06-cv-1727-Orl-31KRS, 2007 U.S. Dist. LEXIS 4043 (M.D. Fla. Jan. 19, 2007)).

With respect to Plaintiffs' assertion that the decision in *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F. 2d 1350 (11th Cir. 1982), requiring judicial approval of litigation settlements involving FLSA claims implies that the approval requirement was intended to override forum selection clauses in arbitration agreements, this argument should be rejected by the Court. The Second Circuit recently examined the issue of whether the required judicial approval of FLSA settlements would bar arbitration and held that the court approval requirement "is assurance of the fairness of a settlement

4

of a claim filed in court, *not a guarantee of judicial forum.*" *Rodriguez-Depena v. Parts Auth., Inc.*, 877 F.3d 122, 124 (2d Cir. 2017) (affirming judgment ordering arbitration of plaintiff's FLSA claims and dismissing complaint) (emphasis added). Thus, the need for judicial approval of a possible settlement is not a reason to deny dismissal of this action. Indeed, should the parties agree to settle, they could certainly agree also to seek judicial approval of such agreement.  The need for judicial approval of a possible settlement is not a reason to deny dismissal of this action.[4]

For these reasons, Defendants respectfully submit that, whether by upholding the current order or by granting any renewed Motion to Compel filed by Defendants, this matter should be dismissed in favor of arbitration.  Plaintiffs' Motion for Relief should be denied to the extent that it seeks a stay of this action.

DATED this 21st day of May, 2020

SPIRE LAW, LLC
12249 Science Drive, Suite 155
Orlando, Florida 32826

By:     */s/ Jesse I. Unruh*
Jesse I. Unruh
Florida Bar No. 93121
jesse@spirelawfirm.com

Attorneys for Defendant BAHRAM
YUSEFZADEH and IAIN KERR

JACKSON LEWIS P.C.
390 North Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone:     (407) 246-8440
Facsimile:     (407) 246-8441

By:     */s/ Peter M. Wendzel*
Peter M. Wendzel
Florida Bar No. 1018271
peter.wendzel@jacksonlewis.com

Madonna M. Snowden
Florida Bar No. 0124522
madonna.snowden@jacksonlewis.com

Attorneys for Defendants RED LAMBDA,
INC. and LEWIS DUNCAN

---

[4] Defendants do not address the assertion that the arbitrator cannot issue full relief.  Aside from being incorrect, such is not relevant to the question of a stay versus dismissal.

5

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 21st day of May, 2020, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: counsel for Plaintiffs, R. Samuel Dunaway, III, Esquire, Dunaway Law Firm, P.A., 2457 Silver Star Road, Orlando, Florida 32804, sam@dunawaylawfirm.com, and Counsel for Defendant Bahram Yusefzadeh and Iain Kerr, Jesse I. Unruh, Esquire Spire Law, LLC 12249 Science Drive, Suite 155 Orlando, Florida, 32826, jesse@spirelawfirm.com.

*/s/ Peter M. Wendzel*
Attorney

4822-2344-5948, v. 1