# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MICHAEL DALEIDEN, SEAN
RANDALL, STEVEN SACK, PEDRO
POVEDA, CHRISTOPHER CARVER,
RICHARD JOSWICK, JUSTIN SCOTT
and LYNN FRAZEL,

        Plaintiffs,

v.                                Case No: 6:20-cv-410-Orl-78GJK

RED LAMBDA, INC., BAHRAM
YUSEFZADEH, SAAD AL BARRAK,
LEWIS DUNCAN and IAIN KERR,

        Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiffs' Amended Unopposed In Part and Opposed In Part Motion for Relief from Order Granting Motion to Compel Arbitration ("**Motion for Reconsideration**," Doc. 47) and Defendants' responses (Doc. Nos. 48, 49) thereto. For the reasons set forth below, the Motion for Reconsideration will be denied.

**I.      BACKGROUND**

Plaintiffs commenced this action in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, alleging violations of the Fair Labor Standards Act ("**FLSA**"), 29 U.S.C. § 201, *et seq.*, and the Florida Minimum Wage Act, Fla. Stat. § 448.110. (*See generally* Doc. 1-2 at 1). Defendants subsequently removed the case to this Court, (*see* Doc. 1), and filed the Joint Motion to Compel Individual Arbitration ("**Motion to Compel**," Doc. 28). Thereafter, Plaintiffs filed an Amended Complaint (Doc. 38). Plaintiffs did not file a response to the Motion to Compel.

On May 6, 2020, this Court entered an Order (Doc. 45) granting the Motion to Compel, ordering the parties to arbitrate their claims in accordance with their arbitration agreements, and dismissing this litigation. Plaintiffs seek reconsideration of that Order and request either: (1) that this Court withdraw the May 6, 2020 Order and reinstate this litigation in full, or (2) reinstate this litigation and stay it pending arbitration. Defendants do not oppose the request for reconsideration of the Order insofar as it granted the Motion to Compel but do oppose the granting of a stay pending arbitration.

## II.  LEGAL STANDARD

District courts are afforded considerable discretion to reconsider prior decisions. *See Harper v. Lawrence Cty.*, 592 F.3d 1227, 1231–32 (11th Cir. 2010) (discussing reconsideration of interlocutory orders); *Lamar Advert. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 488–89, 492 (M.D. Fla. 1999) (discussing reconsideration generally and under Federal Rule of Civil Procedure 54(b)); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (discussing reconsideration under Rule 59(e) and Rule 60(b)). Courts in this District recognize "three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quotation omitted); *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 6:06-cv-1639-Orl-31KRS, 2007 WL 2096975, at *1 (M.D. Fla. July 20, 2007).

"Reconsideration of a previous order is an extraordinary measure and should be applied sparingly." *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000). "[M]otions for reconsideration should not be used to raise arguments

2

which could, and should, have been previously made." *Id.* (quotation omitted). Stated differently, "[a] party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." *McGuire*, 497 F. Supp. 2d at 1358 (quotation omitted). To permit otherwise would "essentially afford[] a litigant two bites at the apple." *Am. Home Assurance Co. v. Gleen Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (quotation omitted).

### III. DISCUSSION

Plaintiffs' sole argument for reconsideration of the May 6, 2020 Order is that the filing of the Amended Complaint rendered the Motion to Compel moot. Plaintiffs have cited no legal authority to support this position. Importantly, unlike a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12, a motion to compel arbitration is not responsive to the underlying pleading. Therefore, the filing of the Amended Complaint did not automatically render the Motion to Compel moot. *Cf. Day v. Persels & Assocs., LLC*, No. 8:10-CV-2463-T-TGW, 2015 WL 413224, at *6 (M.D. Fla. Jan. 30, 2015) (noting the different impact of an amendment on a motion to dismiss and a motion to compel arbitration). Nor have Plaintiffs pointed this Court to any significant change between the allegations of the Complaint and the Amended Complaint that would have affected this Court's determination of the merits of the Motion to Compel. *See Powell v. AT & T Mobility, LLC*, 742 F. Supp. 2d 1285, 1292 n.6 (N.D. Ala. 2010) (holding that amendment would not render a pending motion to compel arbitration moot where it would not impact the determination of the merits of the motion). Finally, this Court never entered an order deeming the Motion to Compel moot. Accordingly, Plaintiffs' argument is unavailing.

To the extent that Plaintiffs, in the alternative, request that this Court reinstate the case to impose a stay pending arbitration, the Motion for Reconsideration is also without merit. While a stay is generally preferred when it has been timely requested, Plaintiffs could and should have requested such relief in response to the underlying Motion to Compel. Plaintiffs have not shown that the denial of a stay, which Plaintiffs failed to request, was clear error or will result in manifest injustice. *See Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1335 (11th Cir. 2014) (affirming an order compelling arbitration and dismissing complaint asserting unpaid overtime wage claims under the FLSA). Therefore, the alternative request will also be denied because Plaintiffs have not carried their burden of showing entitlement to such relief.

### IV.   CONCLUSION

In accordance with the foregoing, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Unopposed In Part and Opposed In Part Motion for Relief from Order Granting Motion to Compel Arbitration (Doc. 46) is **DENIED as moot**.
2. The Amended Unopposed In Part and Opposed In Part Motion for Relief from Order Granting Motion to Compel Arbitration (Doc. 47) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on June 22, 2020.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record